## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
11 | 29 | 16
TIMOTHY M. O'BRIEN, CLERK
BY _____ S. Wiest _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| **Plaintiff,** | |
| **v.** | Case No. 16-20051-05-JAR-DJW |
| **ALBERTO DIAZ-HERNANDEZ,** | |
| **Defendant.** | |

## PLEA AGREEMENT

The United States of America, by and through Brent I. Anderson, assistant U.S. Attorney, and Alberto Diaz-Hernandez, the defendant, personally and by and through his counsel, David J. Grummon, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to waive indictment in writing and to plead guilty to a Superseding Information charging a violation of 18 U.S.C. § 4, misprision of a felony. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed for the charge to which he has agreed to plead guilty is not more than three years of imprisonment, a $250,000 fine, one year of supervised release, and a $100.00 mandatory special assessment. The United States agrees to move to dismiss the Indictment, as to the defendant, at the time of sentencing.

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Ver. 16-10

**Count 1, 18 U.S.C. § 4, Misprision of Felony:** In 2016, in Kansas, the defendant knew that various persons working as roofers installing roofs at the direction of his employer, Century Roofing, DBA Canadian West, Inc. (Century Roofing), were aliens not authorized to work in the United States. He also knew that Century Roofing engaged in unlawful practices to pay those roofers, including making payments, through him, to the roofers. In so doing, Century Roofing was in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), encouraging aliens to reside in the United States knowing the aliens' residence is in violation of law, a felony. Nevertheless, the defendant concealed the crime by making Century Roofing's payments to the roofing crews and did not as soon as possible known to a judge or person in civil or military authority that Century Roofing was engaged in felonious criminal activity.

3.      **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.      **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)      to move to dismiss the Indictment at the time of sentencing;

(b)      to not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment or superseding information;

(c)      to recommend a sentence probation; and

(d)    to recommend the defendant receive maximum credit for acceptance of responsibility.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

5.    **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence he will receive.

6.    **Forfeiture of Assets.** The defendant specifically agrees hereunder to civil forfeiture of the $6,000 cash seized from him at the time of his arrest in his case, and to do whatever is required of him to effect that forfeiture.

7.    **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

8.    **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100 will be entered against him at the time of sentencing.

9.    **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.  The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable.  However, if the United States exercises its right to appeal the sentence imposed, as authorized by

18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10.    **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

11.    **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

12.    **Deportation Consequences.**   The defendant, a citizen of Mexico who is not a citizen or national of the United States, recognizes that pleading guilty may have consequences with respect to his immigration status.  Under federal law, a broad range of crimes are removable

offenses, possibly including the offense to which he is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty, regardless of any immigration consequences that his plea may entail.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

15. **Defendant's acknowledgment.** The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.


Date: 11-28-2016

Brent I. Anderson
Assistant United States Attorney

#15643

Date: 11-29-16

Scott Rask
Criminal Coordinator

6

_____     Date: _____11/29/16_____

Alberto Diaz-Hernandez
Defendant

_____     Date: _____11/29/16_____

David J. Grummon
Counsel for Defendant